ACCEPTED
06-14-00079-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/11/2015 3:54:44 PM
DEBBIE AUTREY
CLERK

## NO. 135-06

| | | |
|---|---|---|
| MONDEE STRACENER<br>Appellant, | §<br>§<br>§ | IN THE COURT OF APPEALS |
| V. | §<br>§<br>§ | 6TH APPELLATE DISTRICT |
| DOUG STRACENER, BERNICE<br>L. STRACENER AND JOEY<br>KEITH STRACENER,<br>Appellees. | §<br>§<br>§<br>§ | STATE OF TEXAS |

RECEIVED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/11/2015 3:54:44 PM
DEBBIE AUTREY
Clerk

## MOTION FOR RE-HEARING

**TO THE HONORABLE JUSTICES OF THE 6TH COURT OF APPEALS, STATE OF TEXAS:**

COMES NOW, Appellant, Mondee Stracener, and files this his Motion for Re-Hearing, and would show the Court the following:

### I.   FACTS

1. The First Amended Decree of the Trial Court, decreeing partition and appointing commissioners, and finding the character of property ownership, was entered and is final. Appellant does not question the finality of such First Amended Decree.

2. The First Amended Decree states "that the single-family dwelling and one acre is ordered Mondee Stracener's sole property in his own right (meaning separate property, for explanation) and that upon partition of the property he is entitled to have set aside as part of his 68.75% interest that portion of the property (soil) upon which the house is situated."

"It is therefore ordered that the foregoing property is partitioned between the above parties such that the value of the parcels allotted to each party reflects that party's interest as recited above, and that the above described single-family dwelling and one acre on which the house rests is awarded to Mondee Stracener, Plaintiff, and that, in addition, his share of the real property (soil) is set aside to include such improvements."

3.     The house must sit upon soil, or upon water, or upon some sort of stilted platform or pier platform, or upon the deck of a ship. In this case we have only soil (real property, for explanation), which is the real property that was to be partitioned.

## II.     ARGUMENT

This court has erroneously interpreted the above provisions of the First Amended Decree, to eliminate the fact that a house has to be placed on something. And when such house is determined to be the sole and separate property of someone, in this case, it is to be placed on the soil/property that is to be set aside to Appellant. In this case, the Court has not set aside the soil as to the 68.75% due and owing to Mondee Stracener, but has actually included it in determining the total value of what has been set aside to him.

By way of simpler example, a plate is placed on a table. It is not a part of the table. The table may belong to other parties, in this case jointly among the Straceners, and the plate may be owned by an individual. However, the plate does not become the property of those who own the table.

The Final Decree of Partition approving the Amended Report of Commissioners, is inconsistent with the First Amended Decree, which cannot be ordered, according to the jurisprudence of this state. The First Amended Decree clearly states that the house is to be placed on the 68.75% interest set aside to Mondee Stracener in partition, and is not to be included in such 68.75% interest in the value of the farm. There is no other reasonable, logical, or equitable conclusion to be had.

Appellant, Mondee Stracener, moves the Court to withdraw its previous opinion, and render an opinion in line with this Motion for Re-Hearing.

Respectfully submitted,

**MINTON & BROWN, PLLC**
Attorneys at Law
134 N. Marshall Street
P. O. Box 1688
Henderson, Texas 75653-1688
(903) 657-3543

(903) 657-3545 Fax
Email: mintonbrown@suddenlinkmail.com

BY: _____

**ROBERT M. MINTON**
Attorney for Mondee Stracener
Bar Card #14195000

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing **MOTION FOR RE-HEARING** has this 11th day of August, 2015, been sent by facsimile to **David B. Griffith**, 903-843-5392, Attorney for Appellees, Doug Stracener, Bernice L. Stracener and Joey Keith Stracener.

_____
**ROBERT M. MINTON**
**Attorney for Appellant, Mondee Stracener**